## SUPREME COURT.

GRIFFIN AND WIFE agt. GRIFFITH AND WIFE.

The act conferring upon the Recorder of the city of Troy, the powers of a justice of the Supreme Court at chambers (*Session Laws* 1849, *p.* 164, § 4) *held* to be unconstitutional and void.

*Albany Special Term, December* 1851. *Motion to set aside judgment, &c., for irregularity.* The action having been referred, and the referee having made his report, a copy of the report was served on the defendants' attorney on the 19th of November 1851. On the 28th of the same month the defendants' attorney obtained from the recorder of Troy an order enlarging the time to make and serve a case for twenty days, and staying the plaintiff's proceedings in the mean time. This order was served on the same day. On the 6th of December the plaintiffs' attorney, disregarding the order, perfected a judgment and issued execution. The order was disregarded upon the ground that the recorder had no authority to make an order staying proceedings upon a report of a referee. It was also insisted that the affidavit upon which the order was obtained was not served with the order. Affidavits were also produced on the part of the plaintiffs tending to show that if the judgment and execution are set aside, the plaintiffs would be in danger of losing their demand.

J. K. PORTER, *for Plaintiffs.*

J. A. MILLARD, *for Defendants.*

HARRIS, Justice.—I am satisfied from the papers before me, that a copy of the affidavit upon which the order staying proceedings was allowed, was served upon the plaintiffs' attorney with the order itself. He had no right, therefore, to disregard the order if the recorder was authorized to make it.

The act of 1849, in relation to the recorder of the city of Troy (*Sess. Laws of* 1849, *p.* 164, § 4), after declaring that that officer shall have and exercise the same powers which were conferred upon county judges by the 27th section of the act amending the judiciary act, (*Sess. Laws of* 1847, *p.* 642), and that he should further have and exercise, within the city of Troy, the powers conferred upon a county judge by that part of the Code which relates to proceedings supplementary to execution, proceeds also to invest him with " the powers of a judge of the Supreme Court at chambers." It then provides that in case of his absence or inability to act, the mayor of the city may exercise the same powers. The provisions of this statute, it is obvious, are broad enough to authorize the recorder to make the order in question, or any other order which might be made by a judge of the Supreme Court at chambers. The only question, therefore is, whether the legislature itself was authorized to confer this power.

The framers of the present constitution undertook, for the first time in the history of this state, to construct a complete judiciary system. In executing this design they created one court of general jurisdiction in law and equity. This court they called the Supreme Court. They also created a County Court and authorized the legislature to specify the cases in which it should have jurisdiction. They provided for the election of a county judge, who should have power to perform such duties as might be required by law. Provision was also made for the election, in certain cases, of other local officers who might also exercise such powers in special cases as should be prescribed by law. Under these provisions, the legislature is, it may be conceded, authorrized to confer upon the officers to whom they apply, the powers of a judge of the Supreme Court at chambers.

But the constitution has not granted to the legislature authority to confer similar powers upon the judges of local city courts.

Griffin and wife agt. Griffith and wife.

It has merely provided for the continuance of such local courts as were at the time of the adoption of the constitution in existence in any city or village, and the creation of other courts in cities. The jurisdiction of such courts is restricted to cities. This, with the addition of a Court of Appeals and justices of the peace, constitutes the entire scheme of the constitution for a judiciary. The offices of chancellor, justice of the then existing Supreme Court, judge of the then existing County Courts, supreme court commissioner, &c., were all abolished. It is obvious that it was intended that all judicial power in the state should be possessed and exercised only by the courts and officers mentioned in the sixth article, and the local courts preserved by the 12th section of the last article.

The act under which it is claimed that the recorder of Troy acquired power to grant the order in question does, in fact, though not by name, create that officer a supreme court commissioner. It declares, in terms, that the recorder, and in certain cases, the mayor, shall possess and exercise the powers of a judge of the Supreme Court at chambers. This was precisely the office and duty of a supreme court commissioner. An officer possessing this power is, within the proper meaning of the term a supreme court commissioner. The legislature, therefore, by the act in question have, in fact, created a supreme court commissioner, and not the less have they done this, because he is not called by that term. It is true, that similar, though far less extensive powers have been conferred on county judges; but then there is an obvious distinction between the two cases. In the case of county judges, the constitution has expressly authorized the legislature to prescribe their powers, while, on the other hand it has, at least impliedly, withheld such authority in the case of the officers of city courts. Why, it may be asked, did the framers of the constitution declare that county judges *should perform such duties as might be prescribed by the legislature, if it was not intended that the like powers should not be conferred on other officers?*. Why authorize the legislature to confer power upon a county judge, and not upon a recorder, if it was intended that the legislature might confer the same power upon each? The inference seems to me irresistible that it was not intended that

any officer, except those mentioned in the constitution should be authorized to perform any judicial duties pertaining to a judge of the Supreme Court.   This inference is derived as well from the fact that the office of supreme court commissioner is abolished, as that express authority is given to the legislature to confer judicial powers upon the county judges and other local officers elected to perform their duties.

If an officer may be created and clothed with the powers of a supreme court commissioner, why may not the legislature create another officer and invest him with the powers of a chancellor? The one office is not more effectually abolished than the other. If it was intended to abolish the functions of those offices as well as the name, then the legislature have no longer the authority to confer the powers pertaining to those offices upon any person not embraced within the provisions of the constitution.

The constitution has declared what officers are competent to hold a general term of the Supreme Court, and who may hold a special term or circuit court.  But it has left the powers of these courts respectively to be prescribed by the legislature.   The Supreme Court, being vested with general jurisdiction in law and equity, may exercise that jurisdiction in such manner as the legislature may prescribe.   It is for the legislature to determine what proceedings shall be had at a general term, and what at a special term or circuit.   It may also authorize such portion of the jurisdiction vested in the court as it may deem proper, to be exercised by the judges of the court at chambers.   It can not authorize a county judge to hold a circuit or special term, for the constitution has declared who shall hold such courts; but it may, I think, authorize county judges to perform such duties as a judge of the Supreme Court may perform out of court, because this power seems by the terms of the constitution to which I have already referred, to have been committed to the legislature.   But for the clause in the 14th section of the sixth article, which declares that county judges may perform such other duties (which I understand, from the connexion in which the provision is found, to mean judicial duties) as may be required by law, I should have little hesitation in saying that the duties of a judge of the Supreme Court could not be delegated to any other officer.

Griffin and wife agt. Griffith and wife.

If the authority conferred upon the recorder and mayor of Troy by the act in question, is consistent with the provisions of the constitution, then there is no restriction to the power of the legislature to create supreme court commissioners. However extensive the powers it may see fit to bestow upon a judge of the Supreme Court at chambers, all those powers may also be bestowed upon every justice of the peace in the state. The only difference between the two officers, in point of jurisdiction, would be that the latter might not constitutionally sit in a general term of the Supreme court, or hold a circuit court or special term. How far the proceedings of a judge at chambers, or a justice of the peace performing the duties of a judge at chambers might be reviewed in such courts, is also a matter resting in the discretion of the legislature. I am persuaded that the framers of the constitution never contemplated this unlimited expansibility as an attribute of the only court of general jurisdiction created by them.

It is with regret that I find myself brought to the conclusion that the law assuming to confer these powers upon a very competent officer, is in violation of the constitution. But it is matter of history that the multiplication of supreme court commissioners throughout the state, was one of the objectionable features of the system which was abrogated when the present constitution was adopted. It was this fact, undoubtedly, which led the convention to erect the barrier which I think I have shown to exist in that instrument against the repetition of this evil. I feel constrained, therefore, though aware of the inconvenience which may result from the decision, should it finally be sustained, to hold that the act conferring upon the recorder of Troy the powers of a judge of the Supreme Court at chambers is unconstitutional, and of course that the order staying the plaintiff's proceedings in this case was void.

But as the defendant's attorney has acted in good faith, he must still be permitted to make and serve a case for the purpose of reviewing the decision of the referee, for which purpose he may be allowed twenty days. All proceedings upon the judgment and execution are to be stayed in the mean time, and if the case is served, until the same is settled. Neither party is entitled to costs upon this motion.